UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DAVID CAMIZZI,

                Plaintiff,

                                      **DECISION AND ORDER**
     v.                                       10-CV-949A

UNITED STATES OF AMERICA,

                Defendant.

## I.    INTRODUCTION

Pending before the Court is a motion (Dkt. No. 2) by defendant the United States of America to dismiss *pro se* plaintiff David Camizzi's small-claims complaint for lack of subject-matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure ("FRCP").[1] Plaintiff had commenced this case in Kenmore Village Court against the United States Postal Service ("USPS") to collect on a postal insurance claim that USPS declined to pay. Defendant removed the case to this Court and now seeks dismissal on the basis that plaintiff has not provided certain requested information and thus has failed to exhaust administrative remedies. Plaintiff did not file papers in response to the motion but has maintained, in his communications to USPS, that USPS failed to deliver an

---

[1] Defendants also submitted alternative arguments under FRCP 12(b)(5) and 56. The Court rejects these arguments as explained below.

insured package regardless of postal records indicating otherwise. The Court deemed the motion submitted on papers pursuant to FRCP 78(b). For the reasons below, the Court grants the motion in part to limit the size of the claim that plaintiff may pursue but otherwise denies the motion.

## II.  BACKGROUND

This case concerns a postal insurance claim for $200 for a package that allegedly never arrived at its intended destination. On or about May 23, 2009, plaintiff mailed three packages from his residence in Costa Mesa, California to an addressee named John Camizzi located at 40 Knowlton Avenue in Kenmore, New York.[2] According to plaintiff, all three packages were insured and scheduled for delivery on or around June 1, 2009. When none of the three packages reached their destination around that time, plaintiff submitted an insurance claim for them. Two of the three packages eventually arrived about 3-1/2 weeks later. The third package (the "Lost Package"), bearing insurance receipt number 13071910000170288484, never arrived. Plaintiff paid $2.25 to insure the Lost Package, which meant that it was insured up to $100 given the insurance fees in effect at the time. Plaintiff paid $20 in general postage to ship the Lost Package. Beyond the general package tracking that is possible by looking up insurance

---

[2] The information available in the docket indicates that plaintiff has claimed both the Costa Mesa address and the Kenmore address as his at various times when communicating with the USPS. Why plaintiff has used both addresses and whether such use means anything will have to await discovery.

receipt numbers on the USPS website, plaintiff did not pay for delivery confirmation or any service that required a signature from the recipient.

A series of communications between plaintiff and USPS began when plaintiff tried to account for the Lost Package. On or about June 18, 2009, plaintiff submitted an insurance claim on the Lost Package to USPS. USPS denied plaintiff's initial claim because, according to its electronic records, the Lost Package was delivered on June 2, 2009. Plaintiff appealed the denial of his insurance claim in November 2009, asking among other things whether USPS had any proof of signature from the recipient if it wanted to insist that the Lost Package indeed had arrived. As part of plaintiff's appeal, USPS asked plaintiff to provide three pieces of information within 30 days: 1) a signed, dated statement from the addressee verifying whether or not the package had been received; 2) a description of the contents of the Lost Package including the purchase date and cost of each item therein; and 3) evidence of the value of the contents of the Lost Package, such as dated sales receipts, invoices, or credit card statements. By handwritten letter dated December 15, 2009, plaintiff provided only the second of the three pieces of information that USPS had requested. Plaintiff identified the contents of the Lost Package as follows: 1) a framed authentic picture of an unspecified "famous racehorse," purchased in 2008 at a cost of $125; 2) a baseball glove purchased in 2007 at a cost of $90; 3) two authentic baseball jerseys purchased approximately in 2007 or 2008 at a cost of $120 each; and 4)

miscellaneous personal training documents to which plaintiff had difficulty assigning a value. Plaintiff explained in his letter that by December 2009, any proof of purchase or value that he may have had two years before was no longer available. Plaintiff did not address USPS's first request in his December 15, 2009 letter, apparently resting on his prior insistence that USPS show proof of signature upon receipt.

This case resulted when USPS upheld the denial of plaintiff's insurance claim on appeal. USPS rejected plaintiff's appeal because he never furnished a signed, dated statement from the addressee verifying whether or not the Lost Package had been received. After further correspondence from plaintiff prompted final administrative review by the Office of Consumer Advocate at USPS Headquarters, USPS upheld the denial of plaintiff's insurance claim for failure to provide requested information from the addressee of the Lost Package and for failure to provide evidence of value. On September 3, 2010, plaintiff filed a small-claims complaint in Kenmore Village Court, demanding $200 from USPS for failure to deliver the Lost Package. USPS informed the local United States Attorney's Office of the case. Pursuant to 28 U.S.C. §§ 1442(a)(1) and 1346(a)(2), defendant, listed as such in place of USPS, removed plaintiff's case to this Court on November 23, 2010.

Defendant filed the pending motion to dismiss on November 30, 2010. In support of its motion, defendant asserts that plaintiff failed to provide evidence of

value as required by Section 609.3.2 of the Domestic Mail Manual ("DMM"), a document maintained by USPS that has the force of a federal regulation in accordance with 39 C.F.R. § 111.1. According to defendant, if plaintiff never submitted information required under postal rules then defendant never had a chance to consider plaintiff's claim fully on its merits. As a result, according to defendant, plaintiff never fully exhausted the administrative remedies available to him. In the alternative, defendant seeks summary judgment under FRCP 56 because its records indicate that it did deliver the Lost Package, and because DMM § 609.4.3(b) makes any loss that "occurred after delivery by the USPS" non-payable through insurance. As a second alternative argument, defendant asserts that plaintiff did not serve it properly and that dismissal under FRCP 12(b)(5) is appropriate.

## III. DISCUSSION

### A. *FRCP 12(b)(1) and* Pro Se *Pleadings Generally*

"As an initial matter, the Court is mindful that Plaintiff[] [is] proceeding *pro se*, and that [his] submissions should thus be held to less stringent standards than formal pleadings drafted by lawyers. Moreover, when plaintiffs bring a case *pro se*, the Court must construe their pleadings liberally and should interpret them to raise the strongest arguments that they suggest. Still, *pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law." *Rotblut v. Ben Hur Moving & Storage, Inc.*, 585 F. Supp. 2d 557, 559

5

(S.D.N.Y. 2008) (internal quotation marks and citations omitted). The Court will assess the pending motion in this context, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 61 (2d Cir. 2010) (internal quotation marks and citation omitted).

B.  *FRCP 12(b)(1) and Failure to Exhaust Administrative Remedies*

Defendant's principal argument in favor of dismissal is that, as required under 28 U.S.C. § 2675(a), plaintiff did not exhaust all administrative remedies before bringing suit under the Federal Court Claims Act ("FTCA").[3] "The FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in federal district court. This requirement is jurisdictional and cannot be waived." *Celestine v. Mt. Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005) (citations omitted). That said, however, "[s]everal circuits have held that the failure to supply requested additional information, where the notice to the

---

[3] 60 Stat. 842 (codified as amended in scattered sections of 28 U.S.C.). As will become relevant below, plaintiff's purchase of insurance, above his purchase of basic mail service, is what avoids sovereign immunity and allows him to attempt any lawsuit against defendant up to value of the insurance purchased. *Compare* 28 U.S.C. § 2680(b) ("The provisions of [the FTCA] shall not apply to . . . Any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter.") *with Azeez v. U.S.,* No. 10-CV-3591, 2010 WL 3310699, at *1 (E.D.N.Y. Aug. 19, 2010) ("However, if the plaintiff contracts with the Postal Service to send the package via registered mail, he or she may have a breach of contract claim that is not precluded by sovereign immunity.").

agency contained all the required elements of a claim, was not a bar to filing a federal court suit." *Charlton v. U.S.*, 743 F.2d 557, 560 (7th Cir. 1984) (citations omitted). "We understand a plaintiff to have satisfied the notice requirement of section 2675 if he or she provides a claim form or 'other written notification' which includes (1) sufficient information for the agency to investigate the claims, and (2) the amount of damages sought." *Santiago-Ramirez v. Sec'y of Dep't of Defense*, 984 F.2d 16, 19 (1st Cir. 1993) (citations omitted). Here, as defendant itself has noted, plaintiff purchased insurance covering only up to $100 of loss. "For items valued up to $100, the customer's own statement describing the lost or damaged article and including the date and place of purchase, the amount paid, and whether the item was new or used (only if a sales receipt or invoice is not available)" is an example of acceptable evidence of value. DMM § 609.3.2(b). Plaintiff duly submitted his own statement describing the contents of the Lost Package. As for the requested statement from the addressee, such a statement likely would help in a dispute over whether defendant's record of delivery were accurate, but it is not required under the DMM. Consequently, the nature and quality of the information that plaintiff submitted might have created a substantive deficiency, but it did not create a jurisdictional one. Relative to the total value of the Lost Package that plaintiff has asserted and the demand set forth in the complaint, the only jurisdictional limit that plaintiff faces here is that sovereign immunity prevents plaintiff from claiming any amount above the $100 of

insurance coverage that he purchased. (*See* note 3 *supra*.) Within that limit, plaintiff's claim may proceed, and the Court accordingly rejects defendant's argument.

   C.   ***Defendant's Alternative Arguments***

Defendant's alternative arguments require only a brief discussion. Defendant seeks summary judgment because the DMM prohibits payment of insurance claims after delivery, but that argument begs the question. Plaintiff has raised a factual dispute about the accuracy of USPS records indicating that delivery occurred. Even if discovery proceeds in such a way that summary judgment would be appropriate later, it is not appropriate this early in the case. The Court accordingly denies summary judgment without prejudice. As for defendant's argument about service of process under FRCP 12(b)(5), defendant complains that plaintiff has not served it in the manner required by FRCP 4(i). In advancing this argument, defendant has ignored that the FRCP "apply to a civil action *after* it is removed from a state court." FRCP 81(c)(1) (emphasis added); *see also Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 (7th Cir. 2001) ("The Federal Rules make clear that they do not apply to filings in state court, even if the case is later removed to federal court . . . . [F]ederal courts may apply state procedural rules to pre-removal conduct.") (citations omitted). To hold otherwise would mean that plaintiff would have had to follow FRCP 4(i) in Kenmore Village Court, not because of any service requirement there, but just on

a hunch that defendant might remove the case to federal court. Meanwhile, defendant has offered no evidence that plaintiff did not comply with the service requirements for Kenmore Village Court or for state courts generally. The Court accordingly rejects defendant's argument about service of process.

## IV. CONCLUSION

For all of the foregoing reasons, the Court grants defendant's motion (Dkt. No. 2) in part to limit plaintiff's claim to a contractual maximum of $100, but otherwise denies the motion.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: January 5, 2011